107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Leslie R. BARTH, Defendant-Appellant.
 No. 96-1386.
 United States Court of Appeals, Second Circuit.
 Jan. 9, 1997.
 
 APPEARING FOR APPELLANT: Leslie Barth, pro se, White Deer, PA.
 APPEARING FOR APPELLEE: Calvin B. Kurimai, Asst. U.S. Atty., New Haven, Conn.
 Present: NEWMAN, Chief Judge. FEINBERG, and McLAUGHLIN, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the District of Connecticut (Alan H. Nevas, Judge).
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was taken on submission.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 4
 Leslie R. Barth appeals from the May 22, 1996, order of the District Court denying his motion to set aside revocation of bail, for reinstatement of bail, and for recusal of the judge. Barth contends (i) that the District Court used the wrong statutory section to revoke his bail, (ii) that notice of the revocation hearing was inadequate, (iii) that the Judge's demeanor at the hearing was inappropriate, and (iv) that he had ineffective assistance of counsel at the bail revocation hearing and on the appeal of that revocation.
 
 
 5
 Following Barth's conviction for mail and wire fraud, the District Court held a hearing and revoked Barth's bail. Four days later, this Court affirmed Barth's judgment of conviction, see United States v. Barth, No. 94-1322 (2d Cir. Aug. 25, 1995), and on October 23, 1995, the Court affirmed the order revoking his bail, see United States v. Barth, No. 95-1551 (2d Cir. Oct. 23, 1995). On November 17, 1995, we denied Barth's petition for rehearing and rehearing in banc of the decision affirming his conviction, and issued a mandate. The Supreme Court denied Barth's petition for a writ of certiorari. Barth v. United States, 117 S.Ct. 164 (1996).
 
 
 6
 Because Barth's current incarceration is for the purpose of serving his sentence, any issues concerning the prior revocation of his bail are moot. Accordingly, we affirm.